### *APPENDIX A*

In the United States Court
of Federal Claims

No. 98–147C

(Filed: March 23, 1998)

PIKES PEAK FAMILY HOUSING,
LLC, Plaintiff

v.

THE UNITED STATES, Defendant

and

KELLER/CATELLUS FORT CARSON
LLC, Defendant–Intervenor

### ORDER

Pursuant to the hearing held on March 20, 1998, in the above-referenced action, the following is hereby ordered:

1. Plaintiff shall be entitled to discovery, including the production of documents not already within the administrative record and the taking of depositions, relating to the evaluation of *its* proposal, and none other, by defendant's Source Selection Authority (SSA), Source Selection Advisory Council (SSAC), Source Selection Evaluation Board (SSEB), and Performance Risk Assessment Group (PRAG). *Cf.* 48 C.F.R. § 15.1004(d) (1996).

---

2. Defendant-intervenor, likewise, shall be entitled to discovery, including the production of documents not already within the administrative record and the taking of depositions, relating to the evaluation of its proposal, and none other, by the aforesaid SSA, SSAC, SSEB, and PRAG. *Cf.* 48 C.F.R. § 15.1004(e) (1996).

3. No discovery whatever shall be permitted by the foregoing parties with respect to *proposals* submitted by offerors not a party to this action, nor with respect to the *evaluation* of said nonparty proposals by the aforesaid SSA, SSAC, SSEB, and PRAG. *Cf.* 48 C.F.R. § 15.1004(e) (1996).

A. Should any documents identified in paragraph 1, *supra,* make reference to offerors other than plaintiff, defendant *shall* redact such references prior to producing said documents.

B. Should any documents identified in paragraph 2, *supra,* make reference to offerors other than defendant-intervenor, defendant *shall* redact such references prior to producing said documents.

4. Further discovery, pursuant to paragraph 4 of the court's order dated March 16, 1998, with respect to any relevant and material matters not presently contained within the administrative record *may* be permitted and made available to plaintiff, pending the court's *in camera* examination of materials provided or to be provided to the court by defendant and defendant-intervenor.

5. Given the exceedingly large volume of documentation supplied to the court to date,[1]

which is continuously proliferating, not to mention the breadth of the pending motions for protective orders filed by defendant and defendant-intervenor,[2] the court is constrained to observe that it would be improvident and unrealistic to adhere to the existing pretrial and trial schedule. Accordingly, the court's order dated March 18, 1998, pertinent to trial scheduling, is hereby modified as follows:

A. The presently scheduled trial date of April 20, 1998 is hereby VACATED.

B. The presently scheduled deadline, Wednesday, April 15, 1998, for the filing of the parties' pretrial briefs with the court, is hereby VACATED.

C. The discovery specified in paragraphs 1 through 3 inclusive, *supra,* shall proceed unimpeded and with all due speed, notwithstanding the court's deliberations over the pending motions for protective orders filed by defendant and defendant-intervenor. Consequently, the court's directive that discovery in this action shall close on Wednesday, April 1, 1998, is hereby VACATED.

6. Upon the completion of the court's deliberations over the pending motions for protective orders respecting the administrative record, including the *in camera* examination of additional materials provided or to be provided to the court by defendant and defendant-intervenor, the court shall convene a status conference for the purpose of rescheduling the trial of this case.

7. With respect to the foregoing, a telephonic status conference shall be held at 3:00 p.m. on Tuesday, March 24, 1998. The court

---

1. The administrative record in this action, as filed by defendant on March 16, 1998, and thereafter supplemented on March 17–18, 1998, exceeds 8,000 pages. In addition, defendant submitted over 1,200 pages of documents on March 19–20 for the court's *in camera* review. Finally, on March 20, 1998, defendant-intervenor attempted to file documents exceeding 4,000 pages for the court's *in camera* review. Pursuant to this court's earlier order filed this date, said documents have been returned to defendant-intervenor for indexing and resubmission. Thus, upon resubmission of defendant-intervenor's documents intended for *in camera* review, the court will possess over 13,000 pages of documents relating to the solicitation in dispute, exclusive of pending motions and pleadings.

2. Defendant's motion for a protective order directing that the administrative record be temporarily filed under seal, filed March 16, 1998; defendant's renewed motion for a protective order, filed March 17, 1998, and thereafter revised via document filed on March 17, 1998; defendant-intervenor's "specification of need for a protective order," filed on March 18, 1998, deemed to be and treated as a motion; and defendant-intervenor's notice of filing of intervenor's response to plaintiff's first request for documents under seal for *in camera* review, filed March 20, 1998, deemed to be and treated as a motion.

shall initiate the conference call. Counsel shall call chambers (202–219–9578) at their earliest convenience to confirm their availability for this status conference.

IT IS SO ORDERED.

/s/ Reginald W. Gibson

Reginald W. Gibson, Senior Judge